UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY ITKIN and AMY ITKIN, <br><br> Plaintiffs, <br><br> v. <br><br> USAA CASUALTY INSURANCE COMPANY, a foreign company, <br><br> Defendant. | Case No. 2:24-cv-597-RSM <br><br> ORDER DENYING MOTION TO EXTEND DEADLINE FOR DISCLOSURE OF EXPERT WITNESSES |

This matter comes before the Court on Plaintiffs' "Motion to Extend Expert Deadline and Amend Case Schedule," filed on October 8, 2025. Dkt. #20. Plaintiffs seek to extend by one month the expert disclosure deadline, discovery deadline, and dispositive motion deadline. *Id*. The reason given is that "counsel for Plaintiffs erred in its internal calendaring." *Id*. at 2. Plaintiffs' counsel "believed that the calendar entry for expert disclosures on October 8, 2025 was an outdated calendar item and that the date had been extended – a belief that was both unverified and inaccurate." *Id*. at 3. Plaintiffs' counsel could see the calendar entry on their calendar but believed that it was erroneous. According to Plaintiffs, "unless there is an extension of this deadline, Plaintiffs face the prospect of litigation without both a damages expert and a standard of care expert." *Id*.

Defendant points out that the October 8, 2025 deadline was not set by the Court automatically, but instead after the parties filed a stipulated extension request. Dkt. #22 at 2 (citing Motion at Dkt. #15). Defendant cites to emails and phone calls between counsel in the last few months discussing settlement and a desire to avoid the costs of discovery. *See id*. at 2–3.

Plaintiffs' reply brief is untimely but has nevertheless been reviewed by the Court. *See*

LCR 7(d)(2).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6). This rule will be "strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." LCR 16(m). While prejudice to an opposing party may provide additional reasons for denying the motion, it is not required under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

The Court finds that Plaintiffs have failed to present sufficient evidence of diligence to satisfy the good cause standard above. The Court further finds that should Plaintiffs wish to proceed with an undisclosed expert witness, such failure would not be substantially justified or harmless based on this record.

Accordingly, having reviewed the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Extend Expert Deadline and Amend Case Schedule, Dkt. #20, is DENIED.

DATED this 31st day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE